

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2007

# Sugiarto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3511

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sugiarto v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1187.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1187

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3511
_____

TONY DJAJADI SUGIARTO;
HONNI SUGIARTO; ANGELINA
NATASHA LEVAKAR,

Petitioners

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Nos. A79-730-981, A97-486-224, A97-486-225)
Immigration Judge: Miriam K. Mills

_____

Submitted Under Third Circuit LAR 34.1(a)
April 11, 2007

Before: SMITH, NYGAARD, and HANSEN,[*] Circuit Judges.

_____

[*]Honorable David R. Hansen, Senior Circuit Judge for the Eighth Circuit Court of
Appeals, sitting by designation.

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Petitioners Tony Djajadi Sugiarto, Honni Sugiarto and their daughter, Angelina Natasha Levakar,  appeal from the denial of their application for asylum and for withholding of removal under the Immigration and Nationality Act, and their request for relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment ("Convention Against Torture").  For the reasons stated below, we will deny the petition.

I.

Because we write solely for the benefit of the parties, we recite only those facts necessary to our analysis. Petitioners are natives and citizens of Indonesia, of Chinese ethnicity, and were admitted to the United States on or about April 30, 1999 as non-immigrants with authorization to remain in this country for a period not to exceed six months.  They remained beyond that date without permission and were served with a Notice to Appear charging them with removability under Section 237(a)(1)(B) of the INA for remaining in the United States longer than permitted. Petitioners conceded

2

removability for remaining in this country without permission, but requested a grant of asylum, withholding of removal, and in the alternative, voluntary departure.

Petitioner claims they were persecuted in Indonesia on account of their Christian Chinese identity and that they suffered harm in Indonesia in the form of discrimination during childhood, theft by natives, curses and spells by neighbors and co-workers, unwanted sexual touching of Honni Sugiarto in public, the assault of Tony Sugiarto by soccer fans after a match in 1999, stones thrown at their church and firecrackers thrown at their home, the robbery of Honni Sugiarto in 1997, and various incidents of verbal abuse. Appendix 311-317.

After a hearing, Immigration Judge Miriam K. Mills determined that the Petitioners did not have individualized fears of future persecution. Additionally, the IJ found that the Petitioners failed to timely file for asylum, overstayed their visas before filing and , that there were no extraordinary circumstances which would have justified a waiver of the one-year filing deadline. Also, the IJ discredited Petitioners' fears of harm because their family members (older siblings and other family members) remain in Indonesia unharmed. Thus, the IJ concluded that Petitioners failed to show by a preponderance of the evidence that they would be harmed if they returned to Indonesia on the basis of their ethnicity or their religion. The Board of Immigration Appeals adopted and affirmed the IJ's decision, finding Petitioners subject to removal as charged and denying their application for asylum as not timely filed.

3

## II.

We begin by noting that we lack jurisdiction to review the asylum claim. Under the teachings of *Tarrawally v. Ashcroft*, we have no power to examine the BIA's determination that the Petitioners' asylum papers were not filed within the one-year limitations period. 338 F.3d 180, 185 (3d Cir. 2003) (interpreting 8 U.S.C. § 1158, which states that no court shall have jurisdiction to review the Attorney General's determination that an alien has filed an asylum application in an untimely fashion). We also lack the authority to review any judgment that the one-year limit was not tolled by extraordinary circumstances. *Id*; *see also Sukwanputra et al. v. Attorney General*, 434 F.3d 627, 633 (3d Cir. 2006).

## III.

We do have jurisdiction to review the denial of Petitioner's claim for withholding of removal and relief under the CAT. For withholding of removal under 8 U.S.C. § 1231(b)(3)(A), an alien must demonstrate "a clear probability" of persecution to avoid deportation. *Chang v. INS*, 119 F.3d 1055, 1066 (3d Cir. 1997). In other words, an alien must show it is "more likely than not" that because of "race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1231(b)(3)(A), he will be subjected to "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Li Wu Lin v. INS*, 238 F.3d 239, 244 (3d Cir. 2001); *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). For relief under the

4

CAT, an alien must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *August v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005).

The record here, particularly the Petitioners' testimony, does not compel a conclusion contrary to that reached by the IJ and the BIA. The robberies and other offenses that victimized the Petitioners in Indonesia do not constitute past persecution, nor were they sufficiently "severe" to justify a finding of past persecution or a well-founded fear of persecution in the future. We have often stated that random incidents of violence are not persecution warranting withholding of removal under the INA. *See, e.g., Lie v. Ashcroft*, 396 F.3d 530, 534, 536 (3d Cir. 2001). Additionally, the record clearly supports the IJ's determination that Petitioners failed to establish a well-founded fear of future persecution were they to return to Indonesia. The record demonstrates that members of the Petitioners' family remain in Indonesia. As the record reveals, the Petitioners only provided vague generalities about the alleged treatment of ethnic Chinese Christians in Indonesia and failed to present any evidence concerning threats to their remaining family members safety and well-being.

We find that substantial evidence supports the IJ's determination that the petitioners failed to establish that it is "more likely than not" that they would be subject to persecution if they were to return to Indonesia. *See Lie*, 396 F.3d at 537.

IV.

5

Accordingly, the petition for review will be DISMISSED insofar as it relates to the asylum claim and will be DENIED insofar as it relates to withholding of removal and relief under the Convention Against Torture.